O

JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Summit Entertainment, LLC, a Delaware limited liability company,                     ) | CV 11-3570 RSWL (JCx) |
| Plaintiff,                     ) | |
| v.                     ) | **ORDER Re: Defendant's Motion to Dismiss or Transfer [8]** |
| Bath & Body Works Brand Management, Inc., a Delaware corporation, and Does 1-10, inclusive,                     ) | |
| Defendants.                     ) | |

On June 28, 2011, Defendant Bath & Body Works Brand Management, Inc.'s ("BBW") Motion to Dismiss or Transfer [8] came on for regular calendar before this Court.  The Court, having reviewed all papers submitted pertaining to this Motion, and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **DENIES** Defendant BBW's Motion to Dismiss.  However, the Court **GRANTS** the alternative

relief requested of transferring Plaintiff Summit
Entertainment, LLC's ("Summit") California Action to
the Southern District of New York.  The Court finds
that Defendant BBW has satisfied the requirements
necessary for granting its Motion to Transfer pursuant
to the first-to-file rule as set forth by Alltrade,
Inc. v. Uniweld Products, Inc., 946 F.2d 622, 623 (9th
Cir. 1991).

First, the Court finds that Defendant BBW has
properly shown that its declaratory judgment action in
New York ("New York Action") was filed before Plaintiff
Summit's later-filed suit in California ("California
Action").  Second, the Court finds that there is
sufficient similarity between the parties in the New
York and California Actions given that the parties are
identical.  Finally, the Court finds that the New York
and California Actions are sufficiently similar because
they share the same key issues.  See Inherent.com v.
Martindale-Hubbell, 420 F. Supp. 2d 1093, 1099 (N.D.
Cal. 2006) (holding that two actions are not required
to be identical or have the same number of parties and
claims in order to satisfy the first-to-file rule).

The Court also finds the equitable exceptions of
the first-to-file rule to be inapplicable in this case.
Ward v. Follet Corp., 158 F.R.D. 645, 648 (N.D. Cal.
1994).  First, the Court finds that Defendant BBW has
sufficiently shown that its declaratory judgment action
was not an anticipatory filing for the purpose of forum

shopping.   The Court finds that Summit did not concretely indicate to BBW that a lawsuit was imminent. In addition, the Court finds that Summit's cease and desist letters did not use explicit language signifying that a lawsuit was imminent.   See Intersearch Worldwide, Ltd. v. Intersearch Group, Inc., 544 F. Supp. 2d 949, 960-61 (N.D. Cal. 2008) (holding that "a letter which suggests the possibility of legal action . . . in order to encourage or further a dialogue, is not a specific, imminent threat of legal action").

Furthermore, the Court finds that there is insufficient evidence to establish that BBW filed its declaratory action in order to forum shop.   Instead, Defendant BBW persuasively argues that it filed its declaratory action only after failed efforts to initialize settlement discussions with Plaintiff Summit's counsel due to Summit's failure to respond promptly.   BBW also persuasively demonstrated that it had substantial connections to warrant filing the suit in New York.

Second, the Court finds that there is insufficient evidence to show that BBW demonstrated bad faith during the Parties' attempts to initialize settlement discussions.   Although BBW's filing of its declaratory judgment action may have been a "tactical decision," the evidence suggests that BBW did not mislead Plaintiff Summit into thinking that BBW never intended to engage in settlement discussions.   In addition, the

Court finds that BBW's delay for 44 days in serving
Summit with the New York Action was not unreasonable or
done in bad faith because the delay was to encourage
settlement to avoid costly litigation.  See Guthy-
Renker, 179 F.R.D. at 271-72 (holding that plaintiff's
delaying service for 87 days did not show that
plaintiff's action was improper).

Finally, the Court finds that the balance of
convenience exception to the first-to-file rule does
not weigh in favor of Plaintiff Summit's California
Action.  The location of witnesses and parties do not
justify a departure from Defendant BBW's choice of
forum since both parties have equally compelling
reasons to hear the case in their respective forums to
avoid inconveniencing their witnesses.  See Guthy-
Renker, 179 F.R.D. at 273 (concluding that the location
of witnesses and evidence is insufficient to justify
departure from plaintiff's choice of forum when
plaintiff and defendant have equally compelling reasons
to litigate in their respective forums).

In addition, the Court finds that the increased
calendar congestion in New York is inadequate to shift
the balance of convenience in favor of moving this
dispute to Plaintiff Summit's choice of a Californian
forum.  A difference of 2.4 months from filing to
disposition between the California and New York forums
is insignificant and reveals that there is no
substantial difference between the respective trial

4

calendars.

Finally, the Court finds that both BBW and Summit have substantial connections to the New York forum as both parties still do business in the state of New York.  BBW has several brick-and-mortar stores and an office building in New York which houses the design team of the allegedly infringing "TWILIGHT WOODS" trademark.  Summit also conducts routine business in New York and has brought suits in New York in the past.

Accordingly, the Court **GRANTS** Defendant's Motion to Transfer pursuant to the first-to-file rule.  The Ninth Circuit recognizes that the first-to-file rule "allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court[.]"  Alltrade, 946 F.2d at 623.  The Court finds that Plaintiff Summit's additional allegations made in the California Action against Defendant BBW warrant transfer of Plaintiff Summit's California Action rather than its outright dismissal.  Transfer of Plaintiff Summit's California Action will allow for expeditious litigation of both Actions.

Furthermore, the Court **DENIES** Defendant BBW's request for incurred costs and attorneys' fees from having to file this Motion.  Federal Rule of Civil Procedure 11(b) holds that a written motion must not be frivolous or presented for an improper purpose such as to harass or cause unnecessary delay.  Fed. R. Civ. P.

11(b).  The Court finds that Defendant BBW has not sufficiently demonstrated that Plaintiff Summit's filing of the suit before this Court amounted to a Federal Rule of Civil Procedure 11(b) violation and therefore **DENIES** Defendant BBW's request for incurred costs and attorneys' fees.

DATED: July 1, 2011
**IT IS SO ORDERED.**

/s/ RONALD S.W. LEW

_____

**HONORABLE RONALD S.W. LEW**

Senior, U.S. District Court Judge